# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40370
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO JAVIER SANCHEZ CORTES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:11-CR-20-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Fernando Javier Sanchez Cortes moves for leave to proceed in forma pauperis (IFP) following the denial of his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the district court's certification that his appeal is not taken in good faith. The Government moves for the dismissal of Cortes's appeal as frivolous or, in the alternative, for an extension of time to file a brief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40370

Cortes was convicted by guilty plea of possession with intent to distribute more than five kilograms of cocaine.  His base offense level was 32, from which three levels were subtracted for acceptance of responsibility and two additional levels were subtracted because he qualified for the safety valve exception to the imposition of the statutory minimum sentence.  His criminal history score of zero placed him in criminal history category I, and his guideline sentencing range was 70-87 months of imprisonment.  He was sentenced to 70 months of imprisonment.

This appeal is largely based on Cortes's interpretation of the Fair Sentencing Act of 2010 (FSA) and its application to his sentence.  Cortes argues that the district court should have taken into account the sentencing factors of 18 U.S.C. § 3553(a), particularly as those factors could be construed as including his cooperation with the Government, when considering his § 3582(c)(2) motion; that the term "applicable guideline range" is sufficiently ambiguous that the rule of lenity should be applied to it; that the district court could have downwardly departed without any motion from the Government; that his 70-month sentence was based on his applicable guideline sentencing range, which was lowered after enactment of the FSA; that he might have been entitled to a two-level offense level reduction for minor participation; and that the post-FSA guideline amendments should apply retroactively to lower his guideline sentencing range.

By moving to proceed IFP, Cortes challenges the district court's certification that the appeal is not taken in good faith.  *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997).  We may authorize Cortes to proceed IFP on appeal if he is unable to pay the costs of the appeal and the appeal is taken in good faith.  28 U.S.C. § 1915(a)(1), (3).  "An investigation into the [IFP] movant's objective good faith, while necessitating a brief inquiry into the

merits of an appeal, does not require that probable success be shown. The inquiry is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may determine the merits of a litigant's appeal "where the merits are so intertwined with the certification decision as to constitute the same issue." *Id.* Moreover, the Government's motion to dismiss is based on the merits of Cortes's appeal, and a favorable determination of the motion to dismiss would necessitate denying Cortes's IFP motion. *See id.*

The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, while the court's interpretation of the Guidelines is reviewed de novo. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009). A district court may not lower a sentence below the minimum guideline sentence when reducing a sentence pursuant to § 3582(c)(2). *United States v. Doublin,* 572 F.3d 235, 238 (5th Cir. 2009). When deciding whether to reduce a sentence, a district court should determine the amended guideline range that would have been applicable to the defendant had the amendment at issue been in effect at the time of sentencing and "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).

Effective August 3, 2010, the FSA amended relevant statutory provisions by, inter alia, increasing the drug quantities required to trigger mandatory minimum sentences for cocaine base offenses, thereby ameliorating a longstanding disparity in treatment of cocaine base and cocaine offenses. FSA, Pub. L. No. 111-220, § 2(a)(1), 124 Stat. 2372 (Aug. 3, 2010); *Dorsey v. United States,* 132 S. Ct. 2321, 2328-29 (2012). Cortes's offense level was based on

eight kilograms of powder cocaine, and not on any quantity of cocaine base. The FSA therefore is inapplicable to his offense level.

The base offense level applicable to eight kilograms of cocaine remains level 32. U.S.S.G. § 2D1.1(c)(4). Subtracting three levels for acceptance of responsibility and two levels for the safety valve adjustment, *see* § 1B1.10(b)(1) (leaving in place guideline adjustments apart from amended provisions), Cortes's total offense level remains at level 27. His guideline sentencing range remains 70-87 months of imprisonment. § 5A, Sentencing Table. Because Cortes's offense level has not been lowered by any amendment to the Guidelines, the district court lacked authority to reduce his sentence pursuant to § 3582(c)(2). *See Evans,* 587 F.3d at 672.

Cortes has failed to raise any nonfrivolous issues for appeal. The Government's motion to dismiss the appeal is GRANTED, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2. The Government's alternative motion for an extension of time to file a brief is DENIED as moot. Cortes's motion for leave to proceed IFP is DENIED.